Kenneth Morgan Addison
2310 E. 900 South
Markleville, IN 46056
Defendant in Pro Se

FILED
11/30/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
AT INDIANAPOLIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 1:22-cr-142-JRS-KMB |
| Plaintiff, ) | |
| ) | MOTION FOR DESTRUCTION OF |
| v. ) | SEIZED COPIES OF INFORMATION |
| ) | (FED. R. CRIM. P. 41(g)) |
| KENNETH MORGAN ADDISON, ) | |
| Defendant. ) | |

Defendant in pro se, Kenneth Morgan Addison, requests this Court to order the Government to destroy all originals and copies of information he has possessory or privacy interests in that was obtained by the federal government in connection with this case. This Court has authority under Fed. R. Crim. P. 41(g) to grant this relief. Since the Government no longer needs Addison's information for this case, as Addison stands convicted and sentenced, the Government must divorce itself from this information lest it engage in an indefinitely long taking of Addison's property.

FACTS

On September 12, 2023, Addison filed a Motion for Return of Seized Property under Fed. R. Crim. P. Rule 41(g). Dkt. 35. This motion sought, <u>inter alia</u>, destruction of copies of electronically-stored information obtained from his seized property. <u>Id.</u> at 3 ("[T]his Court has jurisdiction to order the Government to destroy... tangible or intangible information belonging to him, be they copies or originals."). The Government informally offered to return Addison's seized property. Dkt. 38; Exh. 1 (Government's Informal Resolution Letter). Addison accepted the Government's informal re

Mot. for Destruction

1

resolution and agreed to pick up his seized property once released to the halfway house. Exh. 2 at ¶1 (Addison Decl.).

Shortly after sending his acceptance of the Government's offer to return his property, Addison received a phone call from Government counsel, Kelly Rota. Id. at ¶2. Ms. Rota confirmed that Addison would pick up his property once released from prison. Id. at 3. Addison told Rota to ensure that all copies of his seized information in the Government's possession were destroyed. Id. at ¶4. Rota scoffed that Rule 41(g) provided no authority to request the Government to destroy information in its possession. Id. at ¶5.

Since Addison has not yet received all the relief which he requested in his initial Rule 41(g) motion --i.e., destruction of seized copies and originals of his information-- he filed this Motion.

## ARGUMENT

I.  The Government's informal return of tangible property does not provide all the relief that Addison sought in his first Rule 41(g) motion, thus the case is not moot.

At the outset, the Government's informal return of physical property to Addison does not moot the Rule 41(g) proceeding. "Article III of the U.S. Constitution limits federal-court jurisdiction to 'cases' and 'controversies.'" Campbell-Ewald Co v. Gomez, 577 U.S. 153, 160 (2016). This has been interpreted to mean that "an actual controversy...be extant at all stages of review, not merely at the time the [initiating document] is filed." Arizonans for Official English v. Ariz., 520 U.S. 43, 67 (1997)(my alteration). "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." Genesis HealthCare Corp. v. Symczyk, 569 U.S. 66, 72 (2013). A case

Mot. for destruction

2

becomes moot, however, "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." <u>Knox v. Service Employees</u>, 567 U.S. 298, 307(2012). "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." <u>Chafin v. Chafin</u>, 568 U.S. 165, 172(2013).

Here, Addison's first Rule 41(g) motion sought 1) return of his seized property and 2) <u>destruction</u> of all copies and originals of his seized information. Dkt. 35 at 3. While he will receive relief as to the first category of his property through the informal resolution struck with the Government, the Government declined to provide relief as to the latter category of his property. Because this Court has authority to grant effectual relief to him in the form of an order requiring the Government to destroy all copies and originals of his seized information in its possession, the Rule 41(g) proceeding is not moot. <u>See, e.g.</u>, <u>Knox</u>, 567 U.S. at 307.

II. This Court has authority under Rule 41(g) and its inherent equitable powers to order the Government to destroy copies and originals of Addison's information in its possession.

Federal Rule of Criminal Procedure 41(g) provides:

> A person aggrieved by an unlawful search an seizure of property may move for the property's return. The motion must be filed in the district court where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Since Addison's property was seized in Anderson, IN (Dkt. 7 at 14, ¶23(P)&(Q)), and any copies of his property were likely made by the FBI in Indianapolis, venue lies in this district. This Court has ancillary jurisdiction over post-conviction Rule 41(g) motions. <u>See, e.g.</u>,

Mot. for Destruction 3

U.S. v. Norwood, 602 F.3d 830, 832 (7th Cir. 2010). Post-conviction Rule 41(g) motions are treated as civil equitable complaints and decided under the Federal Rules of Civil Procedure. See, e.g., U.S. v. Ritchie, 342 F.3d 903, 906(9th Cir. 2003); U.S. v. Shaaban, 602 F.3d 877, 879(7th Cir. 2010). Since Addison was convicted and sentenced, "criminal proceedings are over for purposes of Rule 41(g)" and this Motion must be treated as a civil complaint. U.S. v. Basey, 837 Fed. Appx. 603 (9th Cir. 2021).

"[T]he six-year statute of limitations set forth in 28 U.S.C. §2401(a) applies to the bringing of Rule 41(g) motions." U.S.v. Rodrigues-Aguirre, 264 F.3d 1195, 1200 (10th Cir. 2001). Since this Motion is brought within six years of Addison's conviction, it is timely. Id.

As a threshold matter, since this is technically a civil equitable proceeding, Ritchie, 342 F.3d at 906, the more appropriate question is not whether Rule 41(g) allows destruction of the information at issue, but whether this Court may do so under its inherent equitable powers. This Court undoubtedly has authority to do so as "it is the historic purpose of equity to 'secur[e] complete justice'...'where federally protected rights have been invaded[.]'" Albemarle Paper Co. v. Moody, 422 U.S. 405 418 (1975) (quoting Brown v. Swann, 10 Pet. 497, 503(1836)). Courts acting in equity may adjust their remedies accordingly to provide complete justice. See, e.g., Id.; FTC v. Commerce Planet, Inc., 815 F.3d 593, 599("[A] court in equity may...give whatever other relief may be necessary under the circumstances".").

Since Addison faces irreperable injury from the indefinite

retention of his seized information -- which implicates his Fourth and Fifth Amendment rights -- and he otherwise lacks an adequate remedy at law (since Rule 41(g) would be the only possible candidate); he is entitled to an equitable remedy in the form of an order requiring the Government to destroy all copies and originals of his information in its possession.

But even relying exclusively on Rule 41(g) as the basis for this Court's ability to order destruction of Addison's information leads to the same result. Courts have already weighed in on this issue in favor of finding such a remedy under Rule 41(g). The Ninth Circuit said in U.S. v. Comprehensive Drug Testing, Inc., that "'In some circumstances, however, equitable considerations may justify an order requiring the government to return or destroy all copies records that it has seized.'" 621F.3d 1162,1174(9th Cir. 2010)(en banc) (quoting adivisory committee notes (1989 amendments))(emphasis added). The Ninth Circuit condoned destruction earlier in Ramsden v. U.S. as well. 2F.3d 322, 327 n.3 (9th Cir. 1993)("The Adivisory Committee Notes cite Paton v. La Prade, 524 F.2d 862-65 (3d Cir. 1975) as an example where equitable considerations justify requiring the government to return or destroy all copies of records it has seized.")(emphasis added). The Fifth Circuit and at least one district court are in accord. See U.S. v. Law Offices of Brown and Norton, 341 F.3d 404, 413 (5th Cir. 2003); Basey v. U.S., No. 3:21-cv-08688, 2022 U.S. Dist. LEXIS 175027, 2022 WL 4485817, at *4 n.1 (N.D. Cal. Sept. 27, 2022)("[D]estruction of property may be an appropriate remedy.").

We can achieve the same result by looking to the plain meaning of what it means to "return property." It is axiomatic that "principles of statutory interpretation apply also to federal rules, including the Federal Rules of Criminal Procedure." U.S. v. Melvin, 948 F.3d

Mot. for Destruction

5

848, 852(2010). Our analysis begins with the plain language of the rule. See Jiminez v. Quarterman, 555 U.S. 113, 118 (2009). "Return" is used as a verb in Rule 41(g) and means to "revert to a former owner." RANDOM HOUSE WEBSTER'S COLLEGE DICTIONARY 1129 (2001-02). "Property" means, inter alia, "right of possession, enjoyment, or disposal, esp. of something tangible," id. at 1061, and is "[a]lso termed bundle of rights." BLACK'S LAW DICTIONARY 1252 (8th ed.) (emphasis added).

The Supreme Court has similarly said that "[p]roperty is more than the mere thing which a person owns. It is elementary that it includes the right to acquire, use, and dispose of it." Buchanan v. Warley, 245 U.S. 60, 74 (1917)(emphasis added). The High Court also considers the "right to exclude...'a fundamental element of the property right,' and is 'one of the most essential sticks in the bundle of rights that are commonly characterized as property.'" Cedar Point Nursery v. Hassid, 141 S. Ct. 2063, 2072(2021).

By having the Government destroy Addison's information, the Government would be reverting to Addison the right to exclude others from his property as the Government would no longer be in possession of it. Further, Addison's right to destroy his information would be restored to him by having the Government destroy his property. Thus, Addison's bundle of rights--his property--would effectively be returned in this way. Indeed, the Advisory Committee Notes "recognize[] that reasonable accomodations must protect... the property rights of property owners," and simply not just the property itself. See Advisory Comm. Notes to Rule 41(e) (1989 amendments)(emphasis added). Nor does Rule 41(g)'s language rule out destruction by "necessary and inescapable inference." Commerce Planet, 815 F.3d at 599.

Mot. for Destruction

In terms of what must be destroyed, the Government must destroy, at the very least, all information that Addison has possessory and privacy interests in obtained during a seizure or search and that is in its possession. A government seizure occurs when a person's possessory interests are meaningfully interfered with. See, e.g., Soldal v. Cook County, 506 U.S. 56, 61 (1992). It is beyond dispute that one may have protected interests in the digital equivalents of their tangible papers and effects. See, e.g., U.S. V. Ackerman, 831 f.3d 1292, 1304(10th Cir. 2016)(Gorsuch, J.).

That said, the government ~~must~~ *must* destroy copies of information derived from the property listed in its Informal Resolution Letter. See Exh. 1. Addison's possessory and privacy interests in copies of that information are the same as he has in the originals. See U.S. v. Metter, 860 F. Supp. 2d 205, 212(E.D.N.Y. 2012)(retention of electronic copies implicates same Fourth Amendment interests as originals); U.S. v. Jefferson, 571 F. Supp. 2d 696, 702 (E.D. Va. 2008)("[T]he Fourth Amendment protects individual's possessory interests in information itself, and not simply the medium in which it exists."); See generally Mark Taticchi, Redefining Possessory Interests: Perfect Copies of Information as Fourth Amendment Seizures, 78 Geo. Wash. L. Rev. 476 (2010).

But that's not all the Government must destroy. If it has obtained copies of password-protected information from internet service providers (ISPs) like Google, Facebook, Instagram, etc., it should delete all such information as well as Addison had a right to exclude others from this material by the ability to exclude others with a password. Cf. Ackerman, 831 F.3d at 1304. If the Government preserved any information through a preservation request under 18 U.S.C. §2703(f), it should cause those materials to be destroyed as well as the ISPs'

Mot. for Destruction

7

actions in preserving his accounts would be taken in a government-agent capacity. See generally Orin S. Kerr, The Fourth Amendment Limits of Internet Content Preservation, 65 St. Louis Univ. L. J. 754 (2021); Armin Tadayon, Preservation Requests and the Fourth Amendment, 44 Sea. U. L. Rev. 105 (Fall 2020).

Since Addison could also exclude whoever he wanted to from his home as its owner, he also has a right to control how his home gets used to include who can take pictures inside his home. Thus, Addison hereby exercises his rights regarding his home and requests that any images taken inside his home be destroyed so that his possessory and privacy interests in his home are not infringed by such images remaining in the Government's possession.

Rule 41(g) is by no means limited to securing things Addison has an ownership interest in. See Comprehensive Drug Testing, Inc., 621 F.3d at 1173. "[R]ather, by its plain terms, it authorizes anyone aggrieved by a deprivation of property to seek its return." Id. For instance, the Rule has been used to secure drug testing samples of professional baseball players who arguably had no ownership of the bodily fluids submitted for testing. Id. at 1173-74. But since the players had privacy interests in the samples, they could use the Rule to seek the samples return.

That said, the Supreme Court has held that individuals have reasonable expectations of privacy in their historical cell-site location information (HCSLI). Carpenter v. U.S., 138 S. Ct.2206, 2219 (2018). To the extent the Government has HCSLI associated with Addison in its possession, it should destory this as well to ensure that Addison's constitutionally-protected interests are not infringed by indefinite retention of this information.

Mot. for Destruction

III. Destruction of information should be ordered since the Government lacks a continuing need for it.

"Once the property is no longer needed as evidence, '[a] criminal defendant is presumed to have the right to the return of his property.'" U.S. v. Rotzinger, 1995 U.S. App. LEXIS 3333, *5(7th Cir. 1995)(quoting U.S. v. Mills, 991 F.2d 609, 612(9th Cir. 1993)). "In order to retain possession of the seized items, the government must have a continuing interest in the property and must 'demonstrate a specific nexus between the seized property' and its [continuing] interest." Rotzinger, supra at *5(my alteration)(quoting Interstate Cigar Co. v. U.S., 928 F.2d 221, 224(7th Cir. 1991)). "The government bears the burden of proving the 'specific nexus' between its 'continuing interest' and the seized property." Rotzinger, supra at *6 (quoting Interstate Cigar Co., 958 F.2d at 224).

Here, the criminal case is over since Addison was sentenced. See Basey, 837 Fed. Appx. at 603. And since the case is over, Addison is presumptively entitled to the return or destruction of the above-described information. See Rotzinger, supra at *5; Mills, 991 F.2d at 612. Addison is not aware of any valid reason why the Government continues to need this information. Thus, the Court should order that the information be destroyed. Copies and originals both.

## CONCLUSION

This Court has authority under its inherent equitable powers and Rule 41(g) to order that copies and originals of information Addison has a possessory or privacy interest in be destroyed. Since the Government lacks a continuing need for this information, ~~this~~ *This Court should* enter an order requiring the Government to do just that.

Mot. for Destruction

Respectfully submitted this  21   day of November, 2023.

*Kenneth Morgan Addison*
Kenneth Morgan Addison

CERTIFICATE OF SERVICE

I certify that I mailed a copy of this Motion and its exhibits on the following:

Kelly Rota
10 W. Market St., Suite 2100
Indianapolis, IN 46204

Date: November 21 , 2023

*Kenneth Morgan Addison*
Kenneth Morgan Addison

Mot. for Destruction                                                                                      10



**U.S. Department of Justice**

*United States Attorney*
*Southern District of Indiana*

*10 West Market Street*
*Suite 2100*
*Indianapolis, IN 46204-3048*

*(317) 226-6333*
*TDD (317) 226-5438*

*FAX NUMBERS:*
*Criminal (317) 226-6125*
*Administration (317) 226-5176*
*Civil (317) 226-5027*
*FLU (317) 226-6133*
*OCDETF (317) 226-5953*

September 26, 2023

KENNETH MORGAN ADDISON
62770-509 CARDINAL UNIT
FEDERAL MEDICAL CENTER LEXINGTON
Inmate Mail/Parcels
P.O. BOX 14500
LEXINGTON, KY 40512

Re: **United States of America v. Addison, 1:22-cr-00142-JRS-KMB**
Motion to Return Property

Mr. Addison:

The Federal Bureau of Investigation is in possession of the following property seized during the criminal investigation of your case:

1) One black iPhone
2) One USB Memory Stick
3) One Android Model SM-N960U cellphone
4) One iPhone Model A1522
5) One iPhone in purple case
6) One iPhone in circle case
7) One black Apple iPhone Model A1784
8) One silver Apple iPhone with cracked screen
9) One black HP laptop
10) One Dell Experian 1750 laptop
11) One HP laptop
12) One Apple laptop
13) Property documents
14) Miscellaneous court documents
15) Financial documents/possible ledger
16) Financial documents
17) Financial documents

Exh. 1
1 of 2

**Letter to Kenneth Addison**
**Page 2**

      Please provide contact information for a person designated by you to receive this property. We will need the person's name, address, and telephone number. Please provide the information on the sheet provided and return to our office in the pre-addressed envelope.

                            Sincerely,

                            ZACHARY A. MYERS
                            United States Attorney

             By:    *s/ Kelly Rota*
                        Kelly Rota
                        Assistant United States Attorney

Encl.

Exh. 1
1 of 2

Kenneth Morgan Addison
2310 E. 900 South
Markleville, IN 46056
Defendant in Pro Se

```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF INDIANA
                          AT INDIANAPOLIS


UNITED STATES OF AMERICA,     )    No. 1:22-cr-142-JRS-KMB
              Plaintiff,      )
                              )    ADDISON DECLARATION RE
v.                            )    MOTION FOR DESTRUCTION
                              )         OF PROPERTY
KENNETH MORGAN ADDISON,       )
              Defendant.      )
```

I, Kenneth Morgan Addison, declare under penalty of perjury the following is true, correct, and stated to the best of my knowledge:

    1.    I have accepted the Government's informal offer to return my property and have notified the Government I will pick up this property by letter and over the phone.

    2.    Shortly after sending this letter of acceptance, I talked with Government, counsel, Kelly Rota, on the phone.

    3.    She confirmed I would pick up my property once I get out of prison.

    4.    I asked [*asked*] her to delete all copies of my information that the Government still possessed.

    5.    She said that Rule 41(g) does not allow people like me to get the Government to destroy evidence (or words to that effect).

I declare under penalty of perjury the foregoing is true and correct.

Executed: *November 21, 2023*, at Lexington, KY.

*Kenneth Morgan Addison*
Kenneth Morgan Addison

Addison Decl.            Exh. 2            1 of 1

NETH MORGAN ADDISON
70-509 Cardinal Unit
Medical Center Lexington
Box 14500
ton, KY 40512-4500



LEXINGTON P&DC 40511
MON 27 NOV 2023 PM

**FILED**

NOV 30 2023

U.S. DISTRICT COURT
INDIANAPOLIS, INDIANA

⇔62770-509⇔
Clerk Of Court
U.S. District Court
46 E OHIO ST
Room 105
Indianapolis, IN 46204
United States